IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| KENNETH OSCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 5:21-cv-270 |
| v. | ) |
| | ) |
| LINCARE HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KENNETH OSCHER, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, LINCARE HOLDINGS, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. KENNETH OSCHER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Fruitland Park, County of Lake, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. LINCARE HOLDINGS, INC., (hereinafter, "Defendant") is a medical equipment supply company whose principal place of business is located in the State of Florida.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS

8. On October 18, 2009, Plaintiff began his employment with Defendant as a service technician.

9. As part of its employment application process, Defendant requires potential employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

10. Prior to October 18, 2009 Plaintiff successfully passed his employment background check and began his work with Defendant.

11. On February 24, 2021, Plaintiff was informed that another background check was performed on him by Defendant as part of the requirements for continued employment.

12. At no time prior to February 24, 2021 was Plaintiff notified that his employer would be performing another background check on Plaintiff.

13. The report obtained by Defendant was a written, oral, or other communication of information bearing on a Plaintiff's character, general reputation, and personal characteristics, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing Plaintiff's eligibility for continued employment.

14. The report obtained by Defendant was provided by consumer reporting agency as it was provided by a person which, for monetary fees, dues, or on a cooperative nonprofit basis,

regularly engages in part in the practice of assembling or evaluating information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15. Said consumer report was to be used by Defendant to assist in determining Plaintiff's continued fitness for the position, and to assist in determining whether to continue to employ Plaintiff.

16. After receiving and reviewing the consumer report obtained regarding Plaintiff, Defendant intended to terminate Plaintiff's employment based in whole or in part on the aforesaid consumer report.

17. On or about February 24, 2021, Defendant made a determination to suspend Plaintiff from his employment without pay.

18. On or about April 16, 2021 Defendant made a determination to terminate Plaintiff's employment.

19. At no time after making the determination to suspend Plaintiff from employment without pay and then to terminate Plaintiff did Defendant provide any oral, written, or electronic notice to Plaintiff of the name, address and telephone number of the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to terminate Plaintiff's employment.

20. At no time after making the determination to remove Plaintiff from the employment schedule and then to terminate Plaintiff did Defendant provide Plaintiff oral, written, or electronic notice of the Plaintiff's right to obtain a free copy of the report on Plaintiff from the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to terminate Plaintiff's employment.

21. Prior to taking any action against Plaintiff in his employment, Defendant failed to provide Plaintiff a copy of the consumer report to Plaintiff.

22. Prior to taking any action against Plaintiff in his employment, Defendant failed to provide to Plaintiff a description in writing of the rights of Plaintiff under the FCRA.

23. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

24. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of false information and assigning it to Plaintiff creating an injury to his reputation.

25. As a result of Defendant's conduct, as delineated above, and Defendant's failure to provide Plaintiff the requisite disclosures and an opportunity to spare his good name and obtain meaningful employment, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

26. Plaintiff is unaware of any criminal history that could disqualify him from employment as Plaintiff has not been convicted of any felonies or violent crime.

27. Plaintiff is left unaware of what information appeared on the aforesaid background report so that he may properly dispute said information and establish that the report is false and inaccurate.

28. Upon information and belief, Defendant received a report that was wholly inaccurate in that it reported the Plaintiff was convicted of crimes in which he had no involvement.

29. As a result of Defendant's conduct, Plaintiff lost employment and income from employment from Defendant.

30. In conducting a background check and obtaining a consumer report on Plaintiff for purposes of employment, Defendant violated the FCRA in one or more of the following ways:

a. Failed to provide the Plaintiff with a copy of the report procured for employment purposes prior to taking any adverse action against the Plaintiff in violation of 15 U.S.C. §1681b(b)(3)(A)(i);

b. Failed to provide the Plaintiff, prior to taking any adverse action against the Plaintiff, with a description in writing of the rights of Plaintiff under the Fair Credit Reporting Act in violation of 15 U.S.C. §1681b(b)(3)(A)(ii);

c. Failed to provide the Plaintiff with oral, written, or electronic notice of the adverse action to the consumer in violation of 15 U.S.C. §1681m(a)(1);

d. Failed to provide the Plaintiff with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report to the Defendant in violation of 15 U.S.C. §1681m(a)(3)(A);

e. Failed to provide the Plaintiff with oral, written, or electronic notice of the Plaintiff's right to obtain a free copy, within sixty (60) days, of a consumer report from the consumer reporting agency that furnished the Defendant a consumer report on the Plaintiff and the Plaintiff's right to dispute the accuracy or completeness of any information contained in the consumer report in violation of 15 U.S.C. §1681m(a)(4);

f. Otherwise negligently and willfully violated the Fair Credit Reporting Act.

## V. JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KENNETH OSCHER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

  c. Punitive damages;

  d. Plaintiff's attorneys' fees and costs; and,

  e. Any other relief deemed appropriate by this Honorable Court.

                Respectfully submitted,

                **KENNETH OSCHER**

              By: s/ David M. Marco
                 Attorney for Plaintiff

Dated: May 18, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail:  dmarco@smithmarco.com